113 F.3d 1245
 97 CJ C.A.R. 707
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Sarah Whittier BROWN, Plaintiff-Appellant,
v.
DISTRICT OF COLUMBIA; Bartolome Bestard Bonet; Holmes
Cheney Brown; Morton Berg, Hearing Commissioner; Honorable
James W. Washington, Jr.; Roger A. Finzel; Leonard L.
Koenick; David A. Gespass; A. Hugh Douglas, U.S. Consul
1973; Richard G. Haegele, U.S. Consul 1973/74; American
Friends Service Committee, Inc.; and Margaret Anne Shaker,
Defendants-Appellees.
 No. 96-2238.
(D.C. No. CIV 96-1147-JC) (Dist.N.M.)
 United States Court of Appeals, Tenth Circuit.
 May 8, 1997.
 
 Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.
 ORDER AND JUDGMENT*
 BRISCOE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 Plaintiff Sarah W. Brown, appearing pro se, filed this action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, asking the district court to declare void a divorce decree issued in 1973 by the District of Columbia Superior Court. The district court sua sponte dismissed plaintiff's complaint for lack of subject matter jurisdiction. Plaintiff appeals the dismissal and seeks leave to proceed in forma pauperis on appeal.
 
 
 3
 The underlying facts of this case are set forth in detail in the district court's order of dismissal. In summary, plaintiff married defendant Holmes Cheney Brown in 1964. The couple separated in 1969 while plaintiff was undergoing psychiatric care. Holmes Cheney Brown filed for divorce in 1973 and a divorce was granted on December 27, 1973, in the District of Columbia Superior Court. Plaintiff alleged she was undergoing psychiatric treatment in Malta during the time of the divorce proceedings and had no knowledge of or input into the proceedings.
 
 
 4
 After exhaustively reviewing applicable case law, the district court concluded the case fell within the domestic relations exception to federal subject matter jurisdiction because plaintiff was asking the court to declare the marital status of Holmes Cheney Brown and her. As an alternative basis for dismissal, the court concluded jurisdiction was not proper because of the pendency of similar proceedings in the United States Court of Appeals for the District of Columbia.[1]
 
 
 5
 We agree that the district court lacked subject matter jurisdiction over plaintiff's complaint. As noted by the court, the matrimonial exception to diversity jurisdiction, as articulated in Barber v. Barber, 62 U.S. (21 How.) 582, 584, 16 L.Ed. 226 (1859), remains valid and precludes federal courts from exercising jurisdiction over cases involving divorces, alimony, or child custody. Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992); Williams v. Lambert, 46 F.3d 1275, 1283 (2d Cir.1995). Although the exception is narrow, it is clearly applicable where, as here, a party seeks modification of a divorce decree. Ankenbrandt, 504 U.S. at 701-02. Moreover, it is well established that federal courts lack subject matter jurisdiction to review a state court judgment, even if the state judgment is challenged as unconstitutional. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983).
 
 
 6
 Plaintiff's motion for leave to proceed in forma pauperis is DENIED and the appeal is DISMISSED. Plaintiff's motion to supplement the record on appeal is DENIED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [1]
 We have located decisions from the District of Columbia Circuit dismissing three similar actions filed by plaintiff. Brown v. Koenick, 1997 WL 150101 (D.C.Cir.1997); Brown v. Koenick, 1995 WL 791569 (D.C.Cir.1995); Brown v. Brown, 1994 WL 315346 (D.C.Cir.1994)