**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 1 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BENNY FRED HILL,

      Plaintiff-Appellant,

v.

MILTON GILLIAM,

      Defendant-Appellee.

No. 98-6138
(D.C. No. 97-CV-784)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , **BARRETT** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Benny Fred Hill, proceeding pro se, brought this action pursuant to 42 U.S.C. § 1983 against Milton Gilliam, Executive Revocation Administrator of the Oklahoma Department of Corrections. While Hill was on parole from his prison sentence for a murder conviction, Gilliam determined that there was probable cause that Hill had violated his parole because he had been arrested on a public intoxication charge. On this basis, Gilliam issued a parole violator warrant. Hill was taken into custody on the warrant, and his parole was revoked. Hill alleges that Gilliam violated his rights under the fourth, eighth and fourteenth amendments because he issued the warrant without probable cause.

After Gilliam filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6) and/or for summary judgment (and Hill filed a reply), the magistrate judge recommended that the complaint be dismissed or summary judgment be granted on a variety of grounds: (1) because Hill was contesting the validity of his parole revocation and return to confinement, the action was premature because he had to first obtain appropriate habeas corpus relief as required by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); (2) the action was barred by the applicable two-year statute of limitations; (3) the action was void of factual merit, Hill's civil rights had not been violated, and the action was legally frivolous; and (4) Gilliam, who was sued only in his individual capacity, was entitled to qualified immunity. After considering Hill's objections to the magistrate judge's findings and

-2-

recommendations, the district court adopted the findings and recommendations, granted Gilliam's motion to dismiss, and dismissed the complaint with prejudice. Hill appeals.

While we generally agree with all of the district court's reasons for dismissing Hill's complaint, [1] we discuss only the statute of limitations issue in resolving this appeal. We view the district court's decision to dismiss on statute of limitations grounds as a dismissal under Rule 12(b)(6), and we review that decision de novo. *See Chemical Weapons Working Group, Inc. v. United States Dep't of the Army*, 111 F.3d 1485, 1490 (10th Cir. 1997).

Because § 1983 does not contain its own statute of limitation, courts rely on analogous state statutes for determining the limitations period. *See Hardin v. Straub*, 490 U.S. 536, 538 (1989). Under Oklahoma law, that period is two years from the time the action accrues. *See* Okla. Stat. tit. 12, § 95(3); *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988). An action accrues in a § 1983 case when "the plaintiff knows or should have known that his or her constitutional rights have been violated." *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1154 (10th Cir. 1998) (quotation omitted).

---

[1] We note that the dismissal on *Heck* grounds would be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996).

The act giving rise to Hill's complaint was Gilliam's signing the parole violator warrant on January 31, 1995. Hill did not file his complaint until May 13, 1997, more than two years later. Citing *Hardin*, Hill contends that, as a prisoner, he is under a legal disability and that Okla. Stat. tit. 12, § 96 allows him a one-year period after removal of his disability--which has not yet happened, since he is still in prison--to bring this action. As the district court noted, however, *Hardin* merely held that a Michigan state law that tolled limitations periods for prisoners should be applied to a § 1983 action brought in Michigan. *See* 490 U.S. at 543-44. It did not hold that all § 1983 actions were tolled for prisoners regardless of applicable state law. *Cf. id.* at 544 ("[A] State reasonably could decide that there is no need to enact a tolling statute applicable to [prisoner § 1983] suits."). Neither Okla. Stat. tit. 12, § 96 nor any other provision of Oklahoma law provides that limitations periods be tolled for prisoners. Hill's argument is therefore without merit, and the district court correctly found his complaint barred by the statute of limitations.

Alternatively, Hill contends that the limitations period should be tolled because he was under a legal disability due to his mental illness and that his cause of action was not reasonably discoverable until the public intoxication violation on which the warrant was based was expunged by the municipal court in 1996. Although he included these arguments in his objections to the magistrate judge's

findings and recommendation, he did not raise them earlier.  The arguments are therefore waived.  *See Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996).

We conclude that this appeal is frivolous or fails to state a claim under 28 U.S.C. § 1915(e)(2)(B)(I) or (ii) for purposes of counting "prior occasions" under § 1915(g).  The appeal is DISMISSED.  The mandate shall issue forthwith.

Entered for the Court


Michael R. Murphy
Circuit Judge