**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 1, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ANTHONY J. LUCERO,

    Plaintiff - Appellant,

v.

PAUL GORDON; PAUL GORDON LLC,

    Defendants - Appellees.

No. 19-1016
(D.C. No. 1:17-CV-03142-WJM-KMT)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **O'BRIEN**, and **MATHESON**, Circuit Judges.
_____

Anthony J. Lucero appeals the dismissal of his pro se complaint alleging

Fourteenth Amendment violations by his former counsel, Paul Gordon and Paul

Gordon, LLC (collectively, Mr. Gordon).  Exercising jurisdiction under 28 U.S.C.

§ 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.  BACKGROUND

This is the latest litigation stemming from Mr. Lucero's work-related injuries. After he was injured on the job, Mr. Lucero hired the Koncilja law firm to represent him on worker's compensation and related state tort claims.  Dissatisfied with his legal representation, Mr. Lucero sued the Koncilja firm twice in state court, once pro se and once through counsel—Mr. Gordon.  When both suits were dismissed, he filed a malpractice action against Mr. Gordon in state court.  The state court granted summary judgment to Mr. Gordon because Mr. Lucero repeatedly failed to designate an expert witness to establish the relevant standard of care.

Mr. Lucero then initiated two separate suits in federal court, one against the Koncilja firm and the other against Mr. Gordon.  The district court dismissed both suits.  We recently affirmed the dismissal of the suit against the Koncilja firm, *see Lucero v. Koncilja*, No. 18-1404, 2019 WL 3564157, at *3 (10th Cir. Aug. 6, 2019), and we now take up the case against Mr. Gordon.

Mr. Lucero raises two claims.  First, he alleges Mr. Gordon violated his Fourteenth Amendment rights by failing to file a "certificate of review, [failing to] do any interrogatories, depositions, or investigations," and "wast[ing] valuable time and cho[osing] to accomplish nothing in my case."  R. at 15 (emphasis omitted).  Second, he claims Mr. Gordon engaged in fraud by repeatedly filing "an unprovable, non-evidential, sham affidavit that is evidentially provable to be fraudulent, perjured in all aspects, and grounds for disbarment and criminal prosecution."  *Id.* (emphasis

omitted).  Mr. Lucero also notes "42 U.S.C. § 1983[] creates a federal remedy for violations of constitutional rights by what are called 'state actors.'"  *Id.*

On September 17, 2018, a magistrate judge recommended that the suit be dismissed under Federal Rule of Civil Procedure 12(b)(6) because the allegations against Mr. Lucero's private attorney failed to plead state action for purposes of the Fourteenth Amendment and § 1983.  Absent a viable federal claim, the magistrate judge also recommended that the district court decline to exercise supplemental jurisdiction over the state-law fraud claim.

On October 9, 2018, Mr. Lucero objected to the magistrate judge's report and recommendation.  He attempted to show state action by suggesting there was a conspiracy between Mr. Gordon and a state court judge, who, he asserted, "legally align[ed] herself with [Mr.] Gordon, ignoring the rules of law and equity."  *Id.* at 89. He claimed the state judge permitted Mr. Gordon to file a sham affidavit, refused to designate herself as his expert witness, and granted Mr. Gordon's motion for summary judgment.  Mr. Lucero also asserted the district court could exercise diversity jurisdiction over his state-law fraud claim, though he offered no sound basis for doing so.

The district court overruled the objections, adopted the report and recommendation, and dismissed the suit.  The court ruled that the amended complaint failed to state a claim because it contained no allegations of state action for purposes of the Fourteenth Amendment and § 1983.  The court observed that Mr. Lucero did not allege a conspiracy until his objections, and even if the objections were construed

3

as a supplement to his amended complaint, he still failed to allege that Mr. Gordon and the state judge agreed to deprive him of his constitutional rights. The court further determined there was no basis for exercising either diversity or supplemental jurisdiction over the state-law fraud claim, and thus dismissed that claim as well.

## II. **DISCUSSION**

### A. *Fourteenth Amendment*

We first consider the dismissal of Mr. Lucero's Fourteenth Amendment claim. Under our de novo review of the district court's Rule 12(b)(6) dismissal, we accept all well-pleaded factual allegations in the amended complaint as true and view them in the light most favorable to Mr. Lucero. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). To survive a motion to dismiss, a complaint must "contain[] enough facts to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted). Although we liberally construe Mr. Lucero's pro se materials, we "will not supply additional factual allegations to round out [his] complaint or construct a legal theory on [his] behalf." *Id.* at 1096 (internal quotation marks omitted).

"To state a cause of action under 42 U.S.C. § 1983 for an alleged violation of the Fourteenth Amendment . . . , the challenged conduct must constitute state action." *Scott v. Hern*, 216 F.3d 897, 906 (10th Cir. 2000) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930-32 (1982)). "When a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting

4

factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action." *Id.* at 907 (internal quotation marks omitted). The complaint must plausibly allege "a significant nexus or entanglement between the absolutely immune State official and the private party in relation to the steps taken by each to fulfill the objects of their conspiracy." *Norton v. Liddel*, 620 F.2d 1375, 1380 (10th Cir. 1980).

Mr. Lucero did not allege any such facts. In his amended complaint, he did not mention the state judge; rather, he simply charged Mr. Gordon—a private attorney—with violating his due process rights. In his objections to the magistrate judge's report and recommendation, Mr. Lucero suggested there was conspiracy between the state judge and Mr. Gordon, but those allegations failed to plausibly allege an agreement or concerted action between them. He merely averred that the state judge permitted Mr. Gordon to file an affidavit that *Mr. Lucero* claimed was a sham affidavit. He also faulted the state judge for not acting as his expert witness and for ruling in Mr. Gordon's favor. These averments fail to plausibly allege an agreement, a nexus, or a shared conspiratorial objective to violate Mr. Lucero's Fourteenth Amendment rights. Because Mr. Lucero failed to plausibly allege state action, the district court correctly dismissed the claim.

### B. *State-Law Claim & Supplemental Jurisdiction*

Having dismissed the Fourteenth Amendment claim, the district court declined to exercise supplemental jurisdiction over the state-law fraud claim. We perceive no abuse of discretion. *See Nielander v. Bd. of Cty. Comm'rs*, 582 F.3d 1155, 1172

5

(10th Cir. 2009). Once "the district court has dismissed all claims over which it has original jurisdiction," 28 U.S.C. § 1367(c)(3), "the court may, and usually should, decline to exercise jurisdiction over any remaining state claims," *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998); *see* 13D Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3567.3 (3d ed. Aug. 2019 Update) ("As a general matter, a court will decline supplemental jurisdiction if the underlying [federal] claims are dismissed before trial."). Absent a viable federal claim, the court did not abuse its discretion in declining to exercise supplemental jurisdiction over the state-law claim. To the extent Mr. Lucero maintains the court alternatively could have exercised diversity jurisdiction, he still cites no sound basis for doing so.

## III. **CONCLUSION**

We affirm the district court's judgment.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge