FILED
United States Court of Appeals
Tenth Circuit

April 15, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

JON HETER,

    Plaintiff - Appellant,

v.

CITY OF HUTCHINSON, KANSAS;
OFFICER JOSH LONG, in his individual
and official capacity,

    Defendants - Appellees.

No. 20-3114
(D.C. No. 6:19-CV-01258-EFM-GEB)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BALDOCK**, and **EID**, Circuit Judges.
_____

Jon Heter appeals the district court order dismissing his 42 U.S.C. § 1983 civil

rights action against the City of Hutchinson, Kansas and Officer Josh Long.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## Background

On November 17, 2016, Officer Long stopped Heter for riding a bicycle on a sidewalk at night without a headlight. After Heter gave a false name and refused to provide his date of birth, Officer Long arrested him for interference with law enforcement. During the search incident to arrest, Officer Long found Heter's driver's license and evidence of drug crimes. He also discovered that Heter had an outstanding arrest warrant for a probation violation. Heter was booked in the county jail and released on bond the same day. The state later charged him with possession of methamphetamine and possession of drug paraphernalia.

Heter moved to suppress the evidence seized during the search. The state district court denied the motion, found him guilty after a bench trial, and sentenced him to seventeen months in prison. After serving about three months of his sentence in prison, Heter was released to serve the remainder of his sentence on probation through community corrections, and he was discharged from community corrections in September 2018.

On January 11, 2019—after Heter had completed his sentence—the Kansas Court of Appeals reversed his conviction, concluding that the evidence should have been suppressed because Officer Long lacked probable cause to arrest Heter and the evidence was not admissible under an exception to the exclusionary rule. On remand, the prosecution dismissed the charges.

Heter filed this suit against the City and Officer Long in federal district court on September 23, 2019. The court granted defendants' Fed. R. Civ. P. 12(b)(6)

motion to dismiss the complaint as barred by the applicable statute of limitations, and this appeal followed.[1]

## Discussion

We review de novo the district court's determination that Heter's claims are time barred. *See Braxton v. Zavaras*, 614 F.3d 1156, 1159 (10th Cir. 2010) ("We review de novo the dismissal of an action under Rule 12(b)(6) based on the statute of limitations.").

A defendant may raise a statute of limitations defense in a Rule 12(b)(6) motion to dismiss when the dates given in the complaint and incorporated documents[2] "make clear that the right sued upon has been extinguished." *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980). When the dates are undisputed, "we may as a matter of law determine when a cause of action has accrued." *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1154 (10th Cir. 1998).

The limitations period for § 1983 claims is determined by the state's personal injury statute of limitations. *Owens v. Okure*, 488 U.S. 235, 236 (1989). The parties agree that under Kansas law, the applicable limitations period is two years. *See* Kan.

---

[1] Defendants also sought dismissal on qualified immunity grounds, but because the district court dismissed the complaint as time-barred, it did not reach that issue.

[2] In ruling on a motion to dismiss, courts consider both the complaint and the documents attached as exhibits to the complaint. *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001); *see* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

Stat. Ann. § 60-513(a)(4) (establishing two-year limitations period for personal injury actions); *Keith v. Koerner*, 843 F.3d 833, 851 (10th Cir. 2016) (holding that Kan. Stat. Ann. 60-513(a)(4), applies to § 1983 suits). They disagree, however, about when the statute began to run.

The accrual date of a § 1983 claim is a question of federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law "accrual occurs when the plaintiff has a complete and present cause of action." *Id.* (brackets and internal quotation marks omitted). Our first task in determining the accrual date of Heter's claims is to identify the alleged constitutional violation. *See Smith*, 149 F.3d at 1154. Heter asserted two § 1983 claims: one for "unlawful arrest" and one for "constitutional deprivation." Aplt. App. at 17-18. The question is whether his claims are both rooted in the Fourth Amendment or whether they also implicated his right to due process under the Fourteenth Amendment.

"If [a § 1983 plaintiff] has been imprisoned without legal process he has a claim under the Fourth Amendment analogous to a tort claim for false arrest or false imprisonment." *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008). Such a claim accrues "when the plaintiff is released or legal process is instituted justifying that imprisonment." *Id.* at 1083; *see also Wallace*, 549 U.S. at 389 (explaining that a plaintiff has a complete and present cause of action for a § 1983 claim of false arrest or imprisonment based on the Fourth Amendment when his detention without legal process ends).

4

After the initiation of legal process, the source of an alleged constitutional violation stemming from a plaintiff's continued detention shifts from the Fourth to the Fourteenth Amendment. Specifically, if a plaintiff "has been imprisoned pursuant to legal but wrongful process, he has a claim under the procedural component of the Fourteenth Amendment's Due Process Clause analogous to a tort claim for malicious prosecution." *Mondragon*, 519 F.3d at 1082. Such claims concern the period between the institution of legal process and its favorable termination through, for example, acquittal or the dismissal of charges, and they accrue "at the earliest when favorable termination occurs." *Id.* at 1083.

Under the *Mondragon* framework, Heter's unlawful arrest claim was plainly a false imprisonment claim rooted in the Fourth Amendment. His complaint alleged that he was "unreasonably searched and seized by Officer Long" and expressly identified the Fourth Amendment as the operative constitutional provision. Aplt. App. at 18. Heter's "constitutional deprivation" claim was also a Fourth Amendment false imprisonment claim. It, like the unlawful arrest claim, was based on Heter's arrest, not his subsequent prosecution and imprisonment. Specifically, he alleged the City and Officer Long "violated [his] federal rights *when* he was unlawfully seized, and *thus* deprived [him] of his rights and privileges secured by the Constitution and laws," and that the City "inadequately trained Officer Long and/or had customs or policies that led to the violation of [Heter's] constitutional rights." *Id.* (emphasis added).

Neither of Heter's claims "left open the possibility of alternative theories," as

5

Heter suggests in his reply brief. Aplt. Reply Br. at 2. Nothing in the complaint even hinted that he was claiming he had been maliciously prosecuted or that his post-conviction imprisonment violated his Fourteenth Amendment due process rights. The complaint indicated that he had been convicted and "served three months in prison and twelve months on probation," and that his conviction was reversed based on the unlawful arrest and search. Aplt. App. at 17. But it did not allege any facts supporting a due process malicious prosecution claim or a due process unlawful post-conviction imprisonment claim.

Because both claims were Fourth Amendment claims, the statute of limitations began to run on November 17, 2016, when Heter was released on bond. *See Mondragon*, 519 F.3d at 1083. And because he did not file his complaint until nearly three years later, the district court correctly dismissed it as time-barred.[3] *See id.*

---

[3] The district court determined that the statute began to run when legal process was instituted, which it concluded was either the date of Heter's arrest on the probation violation or the date of his trial, and because both dates were more than two years before Heter filed his complaint, the court held his claims were time-barred. But the date legal process was instituted does not drive the accrual analysis here. A false imprisonment claim accrues when *either* "the plaintiff is released *or* legal process is instituted justifying" continued detention. *Mondragon*, 519 F.3d at 1083 (emphasis added). The date legal process was instituted is the accrual date only if the plaintiff was not released, because it is the institution of legal process (i.e., when he is bound over for trial or is arraigned on the charges) that justifies his continued detention. When, as here, a § 1983 plaintiff is released before legal process is instituted, the release date is the accrual date. We can affirm the district court's ruling "on any grounds adequately supported by the record," *Safe Sts. All. v. Hickenlooper*, 859 F.3d 865, 879 (10th Cir. 2017) (internal quotation marks omitted), and the record supports the November 17, 2016 accrual date based on Heter's release on bond. Accordingly, we need not address the propriety of the district court's analysis regarding when legal process was instituted.

We are not persuaded otherwise by Heter's contention that the limitations period began to run in February 2018, when he was released from prison, in September 2018, when he was discharged from community corrections, or in January 2019, when his conviction was reversed. These proposed accrual dates and the arguments he makes to support them are tethered to his assumption that his claims challenged the constitutionality of his conviction and subsequent imprisonment. But as we have explained above, Heter did not raise a claim for malicious prosecution/unlawful imprisonment. And, contrary to his assertion, the fact that his conviction stemmed from his unlawful arrest does not mean that his claims challenging the constitutionality of the arrest also necessarily challenged the constitutionality of his conviction and subsequent imprisonment.

Nor are we persuaded by Heter's argument that he could not have shown his arrest was unlawful until his conviction was reversed about two months after the statute ran. Had he raised a claim challenging the constitutionality of his legal process (his prosecution and trial) or of his subsequent imprisonment, his argument that the statute did not start to run until the underlying conviction was reversed or until he discharged his sentence might have merit. But *Mondragon* is clear that a § 1983 plaintiff who was released from custody must file a claim challenging the constitutionality of his arrest within two years after his release. 519 F.3d at 1082-83. Heter has cited no authority, and we are aware of none, providing that the statute of limitations for a false imprisonment claim is tolled pending an appeal of a conviction resulting from evidence discovered in a search incident to the arrest. In any event,

7

the fact that the Kansas Court of Appeals did not decide Heter's appeal until after the statute ran did not prevent him from filing his § 1983 complaint within the limitations period. Having sought suppression of evidence in the trial court based on his unlawful arrest and appealed his conviction on the same basis, he was plainly aware of the factual and legal basis for his Fourth Amendment claim, and he could have filed his complaint within two years after his release and then sought a stay pending resolution of his appeal.

## Conclusion

We affirm the district court's order dismissing Heter's complaint as time-barred.

Entered for the Court


Nancy L. Moritz
Circuit Judge

8