FILED
**United States Court of Appeals**
**Tenth Circuit**

**November 20, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JORGE CASANOVA,

      Plaintiff–Appellant,

v.

CENTRAL NEW MEXICO
CORRECTION DEPARTMENT; RAY
GARCIA, Correction Officer; JOSE
ROMERO, Former Warden,

      Defendants–Appellees,

 and

ROBERT ULIBARRI, Warden,

      Defendant.

No. 12-2081
(D.C. No. 6:08-CV-00288-BB-CG)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

---

     * After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal.  See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

Jorge Casanova, proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 suit as time barred. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I

Casanova filed two separate lawsuits in the United States District Court for the District of New Mexico. The first, dated March 18, 2008, alleges that Warden Robert Ulibarri was deliberately indifferent to Casanova's medical needs while Casanova was incarcerated at the Central New Mexico Correctional Facility. That suit was docketed as case 08-0288. The second, dated November 23, 2009, alleges that correctional officer Ray Garcia conducted needlessly intrusive searches of Casanova in April 2004, and that Warden Jose Romero and the Central New Mexico Corrections Department ("CNMCD") failed to prevent these searches. Casanova further alleges that Warden Romero failed to remedy a contractor's theft of Casanova's hearing aid in June 2005. This case was docketed as 09-1121.

The district court dismissed the first suit for failure to state a claim, but this court reversed. See Casanova v. Ulibarri, 595 F.3d 1120 (10th Cir. 2010). Following remand, the district court consolidated the two cases. A magistrate judge recommended that summary judgment should be granted in favor of defendants in case 09-1121 because CNMCD is not a legal entity separate from the state, and because the claims against Romero and Garcia were time barred. Further, the magistrate judge recommended that

summary judgment should be denied as to most of the claims Casanova asserted against

Ulibarri in case 08-0288.  The district court adopted the report and recommendation.

Concluding that certification of the claims in case 09-1121 was proper under Fed. R. Civ.

P. 54(b), the district court entered final judgment as to those claims.  Casanova timely

appealed.

## II

We review a grant of summary judgment de novo.  Hobbs ex rel. Hobbs v.

Zenderman, 579 F.3d 1171, 1179 (10th Cir. 2009).  A party is entitled to summary

judgment if, viewing the evidence in the light most favorable to the non-moving party,

the movant is entitled to judgment as a matter of law.  Id.  Because Casanova is

proceeding pro se, we construe his filings liberally.  See Haines v. Kerner, 404 U.S. 519,

520 (1972) (per curiam).

At the outset of our analysis, we note the limited scope of this appeal.  Because the

district court entered final judgment pursuant to Fed. R. Civ. P. 54(b) only with respect to

the claims asserted in case 09-1121, only those claims are before us on appeal.  See

McBeth v. Himes, 598 F.3d 708, 722 (10th Cir. 2010) (this court lacks jurisdiction over

claims on which judgment has not been entered).  We further note that Casanova has not

advanced any argument with respect to the district court's dismissal of the claims against

CNMCD, and thus that issue has been waived.  See City of Colo. Springs v. Solis, 589

F.3d 1121, 1135 n.5 (10th Cir. 2009) ("[A]rguments not raised in the opening brief are

waived."). Accordingly, the sole issue on appeal is whether the district court correctly concluded that the claims against Romero and Garcia were time barred.

Casanova's 42 U.S.C. § 1983 claims are subject to a three-year statute of limitations. See Mondragon v. Thompson, 519 F.3d 1078, 1082 (10th Cir. 2008) (applying the state law personal injury statute of limitations found in N.M. Stat. § 37-1-8). His claims accrued when he knew or had reason to know that his constitutional rights had been violated. See Smith v. City Of Enid ex rel. Enid City Comm'n, 149 F.3d 1151, 1154 (10th Cir. 1998). In considering a claim that the limitations period should be tolled, we apply the law of the forum state. See Mondragon, 519 F.3d at 1082.

In his complaint, Casanova alleges that Garcia conducted three improper searches on April 25, 26, and 27, 2004. He further alleges that a contractor took his hearing aid in June 2005 and never returned it despite numerous complaints to Romero. We agree with the district court that Casanova's claims accrued in April 2004 and June 2005, respectively. Casanova's complaint is dated November 23, 2009, and thus his claims were filed well outside the limitations period.

Casanova argues that the limitations period should be tolled because while he was imprisoned, CNMCD officials prevented him from filing suit based on the threat of retaliation. The district court properly rejected this argument. Under New Mexico law, the doctrine of equitable tolling is quite limited. Equitable tolling "typically applies in cases where a litigant was prevented from filing suit because of an extraordinary event

-4-

beyond his or her control."  Ocana v. Am. Furniture Co., 91 P.3d 58, 66 (N.M. 2004).

Although Casanova alleges that he was prevented from filing suit within the limitations

period, the record does not support his claim.  See City of Carlsbad v. Grace, 966 P.2d

1178, 1181 (N.M. Ct. App. 1998) ("[T]he party claiming that the statute of limitations

should be tolled has the burden of setting forth sufficient facts to support its position.").

Casanova was released from prison with time remaining in the limitations period.

Further, Casanova filed numerous grievances while he was in prison and submitted

several filings in his state criminal case.

Casanova also notes that he was hospitalized for eleven months following his

release from prison.  His claims were more than eleven months late, but Casanova argues

that he was entitled to file suit within one year of his release from the hospital under

N.M. Stat. § 37-1-10, which provides:  "The times limited for the bringing of actions by

the preceding provisions of this chapter shall, in favor of minors and incapacitated

persons, be extended so that they shall have one year from and after the termination of

such incapacity within which to commence said actions."  Id.  However, even if we

accept Casanova's assertion that this statute applies, his suit was not commenced within

one year of his release from the hospital.

## III

**AFFIRMED**.  We **GRANT** Casanova's motion to proceed in forma pauperis.

Entered for the Court


Carlos F. Lucero
Circuit Judge