**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 29 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BILAL RASHAD,

Plaintiff-Appellant,

v.

PETE DOUGHTY, Medical Services
Administrator, Oklahoma Department
of Corrections; JUDY OWENS,
Administrator, Medical Services,
Lexington Correctional Complex,

Defendants-Appellees.

No. 00-6088

W.D. Okla.

(D.C. No. CV-99-232-C)

**ORDER AND JUDGMENT** *

Before **BALDOCK** , **HENRY** , and **LUCERO** , Circuit Judges. **

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a)(2); 10th Cir.R. 34.1(G). Therefore, appellant's request for oral argument is denied, and the case is ordered submitted without oral argument.

Bilal Rashad, a prisoner in the custody of the Oklahoma Department of Corrections, filed this pro se action against two corrections officials, alleging that the Department failed to provide adequate treatment of his post-traumatic stress disorder. According to Mr. Rashad, this failure to provide treatment violated the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213 and the Eighth Amendment. He sought an injunction directing the defendants to provide the requested treatment.

In a thorough and well-reasoned report and recommendation, the magistrate judge concluded that Mr. Rashad's complaint failed to state a claim upon which relief could be granted. He further recommended that the dismissal count as a "prior occasion" under 28 U.S.C. § 1915(g). The district court agreed and dismissed Mr. Rashad's complaint. Upon de novo review, see Perkins v. Kansas Dep't of Corrections, 165 F.3d 803, 806 (10th Cir. 1999), we agree with the magistrate judge and the district court.

With regard to Mr. Rashad's ADA claim, it is clear that prisons are "public entities" covered by Title II of the ADA. See Pennsylvania Dep't of Corrections v. Yeskey, 524 U.S. 206, 209 (1998). However, contrary to Mr. Rashad's assertions, the failure to provide medical treatment to a disabled prisoner, while perhaps raising Eighth Amendment concerns in certain circumstances, does not constitute an ADA violation. See Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir.

2

1996) (concluding that the ADA "would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners" and that the statute "does not create a remedy for medical malpractice"); McNally v. Prison Health Servs., 46 F. Supp.2d 49, 58 (D. Me.1999) (distinguishing between "claims that the medical treatment received for a disability was inadequate from claims that a prisoner has been denied access to services or programs because he is disabled," and concluding that only the latter class of claims states an ADA violation). In contrast, the allegation that a disabled prisoner has been denied services that have been provided to other prisoners may state an ADA claim. See, e.g., McNally, 46 F. Supp.2d at 58 (concluding that an HIV patient's claim of discriminatory denial of prescription services provided to general prison population would state an ADA claim).

Here, as the magistrate judge noted, Mr. Rashad's complaint alleges inadequate treatment of his post-traumatic stress disorder but does not allege that the defendant corrections officials discriminated against him on the basis of that disorder. We therefore agree that Mr. Rashad has failed to state an ADA claim.

As to Mr. Rashad's second claim, the magistrate judge properly noted that the Eighth Amendment protects prisoners from officials' deliberate indifference to serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). Eighth Amendment claims have two elements: "an objective component

requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that the offending officials act with a sufficiently culpable state of mind." Mitchell v. Maynard, 80 F.3d 1433, 1444 (10th Cir. 1996) (internal quotation marks omitted). The objective component requires an "extreme deprivation" denying a "minimal civilized measure of life's necessities." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (internal quotation marks omitted). As to the subjective component, in order to be held liable, the defendant official must act with deliberate indifference to the prisoner's health or safety. See Farmer v. Brennan, 511 U.S. 825, 837 (1994).

"'A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.'" Green v. Branson, 108 F.3d 1296, 1303 (10th Cir. 1997) (quoting Estelle, 429 U.S. at 106)). However, delays in providing treatment may violate the Eighth Amendment— "'if there has been deliberate indifference which results in substantial harm.'" Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993) (quoting Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993)). "Delays in providing medical care that courts have found to violate the Eighth Amendment have frequently involved life-threatening situations and instances in which it is apparent that delay would exacerbate the prisoner's medical problems." Hunt. v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999).

4

We agree with the magistrate judge's assessment of Mr. Rashad's Eighth Amendment claim. Although he alleges that prison officials refused to grant his request for treatment at a Veterans Administration facility, Mr. Rashad acknowledges that mental health professionals are available to provide him with treatment within the Department of Corrections. The fact that Mr. Rashad has not been provided with treatment at the facility of his choice is insufficient to state an Eighth Amendment claim.

In his appellate brief, Mr. Rashad contends that the magistrate judge and the district court erred in failing to allow him to amend his complaint and to conduct additional discovery. Although we construe pro se pleadings liberally, see Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), we need not allow the amendment of pleadings and the conducting of discovery when the plaintiff has failed to assert specific facts to support his claims. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992). Here, there is no indication that further proceedings would reveal valid claims against the defendants.

## III. CONCLUSION

Accordingly, we AFFIRM the district court's dismissal of Mr. Rashad's complaint. The district court's dismissal counts as a "prior occasion" for the counting purposes of 28 U.S.C. § 1915(g). See Jennings v. Natrona County

5

Detention Center Medical Facility, 175 F.3d 775, 780 (10th Cir. 1999).


Entered for the Court,


Robert H. Henry
United States Circuit Judge