FILED
United States Court of Appeals
Tenth Circuit

December 16, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LAWRENCE BREEDLOVE,

Plaintiff - Appellant,

v.

DENNIS COSTNER; JIM RABON;
DEBBIE MORTON; JUSTIN JONES; J.
MARLAR; CHESTER MASON;
MARTY SIRMONS; KARMEON
HARVONECK,

Defendants - Appellees.

No. 10-6043
(D. Ct. No. 5:08-CV-01065-D)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Circuit Judge, **TACHA**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has

determined unanimously that oral argument would not be of material assistance in the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The

case is therefore ordered submitted without oral argument.

Lawrence Breedlove, an Oklahoma state prisoner proceeding pro se, filed this

action under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), 42

---

[*]This order and judgment is not binding precedent except under the doctrines of
law of the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

U.S.C. § 12132 et seq., against eight Oklahoma Department of Corrections ("ODOC") employees ("Defendants"). Among other things, Mr. Breedlove alleged that he was wrongfully terminated from a prison job, improperly placed in disciplinary segregation, given inadequate medical care, and retaliated against for complaining about prison conditions. In separate orders, the district court dismissed several of Mr. Breedlove's claims and granted summary judgment to Defendants on the remaining claims. Mr. Breedlove now appeals those orders. Exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM.

## I. BACKGROUND

Mr. Breedlove filed suit seeking declaratory and injunctive relief and damages under § 1983 and the ADA on numerous claims concerning the conditions of his confinement in the Oklahoma State Penitentiary in McAlester, Oklahoma. Defendants filed a motion to dismiss or in the alternative for summary judgment. Mr. Breedlove opposed the motion and filed his own motion for summary judgment. The magistrate judge issued an extensive report and recommendation, recommending that the district court grant in part Defendants' motion to dismiss and grant Defendants' summary judgment on the remaining claims. Mr. Breedlove filed objections to the magistrate's report. After considering the magistrate's report and recommendation and Mr. Breedlove's objections, the district court issued multiple orders disposing of Mr. Breedlove's claims.

In its first order, the district court addressed Mr. Breedlove's ADA claim,

concluding that he had failed to state a claim upon which relief could be granted and dismissing with prejudice. In a subsequent order, the district court addressed Mr. Breedlove's § 1983 claims. The court dismissed Mr. Breedlove's claims against ODOC personnel in their official capacity as barred by the Eleventh Amendment and dismissed his claims for declaratory and injunctive relief because they must be brought pursuant to a petition for habeas corpus. It also dismissed other claims against two defendants because Mr. Breedlove had not pleaded sufficient facts to impose supervisory liability. Finally, the district court granted summary judgment in favor of Defendants on Mr. Breedlove's claims concerning actions allegedly taken against him in 2004 and 2005 as barred by the applicable statute of limitations and his retaliation, destruction of property, and denial of medical treatment claims for failure to exhaust administrative remedies. Mr. Breedlove now appeals both of the district court's orders.[1]

We review de novo the grant of a motion to dismiss and the grant of a motion for summary judgment, applying the same standards as the district court. *See Russell v. United States*, 551 F.3d 1174, 1178 (10th Cir. 2008) (motion to dismiss); *Baca v. Sklar*, 398 F.3d 1210, 1216 (10th Cir. 2005) (motion for summary judgment). Because Mr. Breedlove is proceeding pro se, we construe his pleadings liberally. *See Hall v. Bellmon*,

---

[1] In an additional order, the district court dismissed Mr. Breedlove's claims against Defendant Dennis Cotner because Mr. Breedlove failed to effect service on Mr. Cotner. Mr. Breedlove listed that order in his notice of appeal, but he does not assert any error by the district court in his opening brief. Accordingly, we do not address this issue. *See City of Colo. Springs v. Solis*, 589 F.3d 1121, 1135 n.5 (10th Cir. 2009) ("[A]rguments not raised in the opening brief are waived.").

935 F.2d 1106, 1110 (10th Cir. 1991).

## II. DISCUSSION

A.      ADA Claim

The district court dismissed Mr. Breedlove's ADA claim for failure to state a claim for relief.  Mr. Breedlove now contends that the district court erred by concluding that he is not a "qualified individual with a disability."  He argues that he established a prima facie case that he was a qualified individual by "mov[ing] to pay the trial court '50 dollars a month from his disability awards'" and by "clearly stat[ing] that he is 'a disabled American veteran.'"

The district court's reasoning, however, did not depend on whether Mr. Breedlove was a qualified individual.  Although the district court noted in a footnote that Mr. Breedlove had failed to allege that he was a qualified individual within the meaning of the ADA, it dismissed his claim because he complained only about the quality and extent of medical services he received.  *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1144 (10th Cir. 2005) (allegedly negligent medical decisions do not ordinarily fall within the ambit of the ADA); *see also Rashad v. Doughty*, 4 F. App'x 558, 560 (10th Cir. 2001) ("[T]he failure to provide medical treatment to a disabled prisoner, while perhaps raising Eighth Amendment concerns in certain circumstances, does not constitute an ADA violation.").  Because Mr. Breedlove did not allege that he had been denied services that have been provided to other prisoners or otherwise allege discrimination solely based on his asserted disability, he did not state a claim under the ADA and the district court

properly dismissed his claim.

B.    Civil Rights Claims

1.    *Failure to Exhaust*

In his report and recommendation, the magistrate judge recommended dismissal of Mr. Breedlove's February 2007 and April 2008 property damage claims, his retaliation claim, and his claim of denial of medical treatment for hepatitis C, hypertension, and diabetes for failure to exhaust. The district court adopted the magistrate's recommendation, finding that Mr. Breedlove had waived additional review of the issues by failing to make specific objections.

Mr. Breedlove maintains that the district court erred because its dismissal order was predicated on the fact that he "failed to address the Magistrate's finding" that he had not exhausted his administrative remedies. We do not agree. The district court's order recognized that Mr. Breedlove objected to the magistrate's report and recommendation and that he claimed he had filed "numerous pages of paperwork . . . such as requests to staff and grievances." It noted, however, that Mr. Breedlove failed to articulate specific objections to the magistrate's thorough review of his administrative filings. Our review of the record confirms this. Mr. Breedlove did not show how the magistrate's report was flawed; instead, he claimed that prison employees interfered with his attempts to exhaust the administrative process. In support of his claim of interference, he offered only his conclusory and self-serving statements, failing to cite any specific instances. Accordingly, the district court properly granted summary judgment to the Defendants on

these claims.

2.    *Statute of Limitations*

The district court dismissed Mr. Breedlove's claims concerning various alleged actions taken against him in 2004 and 2005 as time-barred by the applicable statute of limitations. Mr. Breedlove contends that this was error because the Oklahoma savings statute, Okla. Stat. tit. 12, § 100, operated to extend the limitations period on such claims. Specifically, he argues that he had filed claims in Washington federal courts which the magistrate and district court erred in disregarding. Complaints filed in other states, however, cannot trigger the Oklahoma savings statute. *Morris v. Wise*, 293 P.2d 547, 550 (Okla. 1957).

Alternatively, Mr. Breedlove argues that equitable tolling is warranted in this case because he "accused defendants of personally meddling in his affairs . . . and wrongfully confiscating his legal materials and properties." "State law governs the application of tolling in a federal civil rights action." *Young v. Davis*, 554 F.3d 1254, 1258 (10th Cir. 2009) (quotations and alterations omitted). Under Oklahoma law, equitable tolling is appropriate when: (1) there is a legal disability because the plaintiff's competency is impaired or the plaintiff has not yet reached the age of majority; or (2) when "defendants engage in false, fraudulent or misleading conduct calculated to lull plaintiffs into sitting on their rights." *Id.* (quotations omitted). This court has also noted that "'exceptional circumstances'" may justify equitable tolling. *Id.* (quoting *Alexander v. Oklahoma*, 382 F.3d 1206, 1217 (10th Cir. 2004)).

None of the grounds for equitable tolling exist in this case. Mr. Breedlove has never claimed that he is incompetent or that Defendants engaged in false, fraudulent or misleading conduct calculated to lull him into sitting on his rights. Moreover, although Mr. Breedlove alleges improprieties by Defendants, he has not articulated specific circumstances warranting tolling for exceptional circumstances. Accordingly, the district court correctly granted summary judgment for Defendants on these claims.

        3.      Martinez *Report*

Finally, Mr. Breedlove argues that the district court improperly relied upon the Defendants' *Martinez* report to decide contested issues of fact and grant summary judgment in their favor. He contends that the district court overlooked the "mountain of affidavits, medical reports and entries, requests to staff, grievances, letters and other ODOC policy statements" he presented, instead "taking defendants [sic] unsupported assertions . . . in the [] Martinez report to be factual." We disagree.

The purpose of a *Martinez* report is to "develop a record sufficient to ascertain whether there are any factual or legal bases for the prisoner's claims." *Hall*, 935 F.2d at 1109. "On summary judgment, a *Martinez* report is treated like an affidavit, and the court is not authorized to accept its fact findings if the prisoner has presented conflicting evidence." *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992). Accordingly, a court may not rely on a *Martinez* report to resolve material disputed facts. *Hall*, 935 F.2d at 1109.

Here, however, the district court did not resolve any disputed material facts in

granting summary judgment. As shown above, summary judgment was proper as to each and every claim which was not dismissed. Although the court may not rely on a *Martinez* report to decide contested issues of material fact, Mr. Breedlove has not shown any conflicting evidence regarding his failure to exhaust or the timeliness of his 2004 and 2005 claims.

4. *Supervisory Liability*

The magistrate recommended that Mr. Breedlove's claim against Defendants Harvoneck, Sirmons, Jones, and Morton be dismissed because he had failed to allege an "affirmative link" sufficient to support a claim of supervisory liability. Mr. Breedlove objected, noting that Defendant Harvoneck was the acting warden when he filed a grievance based on January 2007 discipline and that Defendant Morton affirmed the decision. The district court construed his objection as a request to amend his complaint to add additional factual allegations against Defendants. Mr. Breedlove now contends that the district court erred by denying him leave to amend his complaint.

Mr. Breedlove misconstrues the district court's order. The court did not deny him leave to amend; indeed, the court considered his complaint as amended by his objection to the magistrate's report and recommendation. Despite granting Mr. Breedlove leave to amend, however, the court ruled that he had "fail[ed] to identify any misconduct by these defendants" and had not stated "what, if any, due process violation occurred as a result of their actions or inactions regarding any grievance [he] filed concerning his January 2007, discipline." Accordingly, the district court appropriately granted Mr. Breedlove's motion

- 8 -

to amend and his argument is without merit.

C.  Additional Arguments

In addition to the arguments addressed above, Mr. Breedlove contends that the court improperly divided his "one allegation of 'retaliation' into 5 or 6 separate issues," undermining his complaint such that it resulted in dismissal and summary judgment. We disagree. Mr. Breedlove's complaint itself alleges separate causes of action, and the district court correctly addressed each in turn.

Mr. Breedlove also contends that the district court's construction of his pro se complaint was "more strict than liberal" and thus denied him due process under the Fourteenth Amendment. We find no merit in this argument. Although a district court must construe pro se pleadings liberally, a pro se plaintiff must still allege sufficient facts on which a recognized legal claim can be based. *Hall*, 935 F.2d at 1110. The district court correctly held Mr. Breedlove to that standard.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's orders dismissing and denying all of Mr. Breedlove's claims. Additionally, we DENY Mr. Breedlove's pending motions for the appointment of counsel, an independent medical examination, a preliminary injunction, and to overrule defense objection. Finally, we remind Mr.

Breedlove of his obligation to make partial payments until his appellate filing fee has been paid in full.

                                        ENTERED FOR THE COURT,


                                        Deanell Reece Tacha
                                        Circuit Judge