**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

GEORGE MOORE,

     Plaintiff - Appellant,

v.

ELIAS DIGGINS, Acting Sheriff of the
Denver Sheriff Department; ZIMMER, RN
- Registered Nurse, Intake RN;
CHRISTIAN STOB, Denver Health
Medical Center Doctor; CARMEN
KASSETY, Denver Health Medical Center
Supervisor; DENVER HEALTH
MEDICAL CENTER; DENVER SHERIFF
DEPARTMENT,

     Defendants - Appellees.
_____

No. 15-1271
(D.C. No. 1:15-CV-00034-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **MORITZ**, Circuit Judges.[**]
_____

Appellant George Moore, a pre-trial detainee held at the Denver City Jail, filed a

42 U.S.C. § 1983 action against numerous defendants alleging constitutional and

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Americans with Disabilities Act violations stemming from the failure to timely provide him with a walker or cane. He appeals from a district court order dismissing his complaint. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm in part and reverse in part.

## I.

We take the facts from Moore's Amended Complaint. Because Moore proceeds pro se, we construe his pleadings liberally. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate."). According to Moore's Amended Complaint, he was arrested on October 9, 2014, and brought to intake at the Denver City Jail. During intake, Moore met with RN Zimmer and informed her that he needed a cane or walker because of his stability issues. He further informed her he was in tremendous pain standing up, sitting down, and walking, and he was disabled as defined in Title II of the Americans with Disabilities Act. Zimmer told Moore she did not have time to verify his request because she had 40 other inmates to deal with and that he'd have to "deal with it" upstairs on the floor where he'd be staying. Moore asked to see Zimmer's supervisor, but Zimmer said her supervisor would also tell him to address his concerns upstairs. When Moore was moved upstairs at 7:30 p.m., a deputy informed him that medical was closed.

The next day, Moore filed a grievance about his treatment the day before. He then saw Dr. Christian Stob, who confirmed that Moore needed a cane or walker, but

said he did not currently have one to give Moore.[1] Moore asked Dr. Stob if he would call the other medical departments to get one, but Dr. Stob said "not right now." Although Moore complained about tremendous pain from moving around the facility and getting up or sitting down, Dr. Stob sent Moore away without a cane or walker.

On October 11, Moore's second full day in jail, Moore's left hip gave out and he collapsed to the floor, causing additional pain to his hip, groin, and lower back. Medical staff provided Moore with a walker three hours after he fell. Moore did not go to medical until two months later for x-rays. The doctor put in an order for Moore to get hip surgery, but medical at the Denver City Jail was told he had to be sentenced to the jail to get surgery. Since his fall, Moore has "tremendous pain" in his lower back, cannot lay on his left side, has trouble sleeping because of his pain, has to lift his left leg by hand when getting in and out of bed, and has to have another inmate put on his left shoe and sock, which embarrasses him. He has become depressed because he feels useless and cannot move around like others.

Moore alleges seven causes of action, which liberally construed amount to a § 1983 claim of deliberate indifference and a discrimination claim under Title II of the ADA against RN Zimmer, Dr. Stob, the Denver Sheriff's Department, and Denver Health Medical Center. He also alleges that Elias Diggins, the Sheriff of the Denver Sheriff's Department, and Carmen Kassety, the Supervisor of the Denver

---

[1] Moore alleges in his Amended Complaint that Dr. Stob verified Moore "in fact" had a cane or walker. Moore clarified in his motion for reconsideration that he told Dr. Stob he had osteoarthritis, and Dr. Stob looked at Moore's medical chart to verify "Plaintiff did have both a cane & walker on the streets & they were ordered by Plaintiff's Primary Care Provider."

Health Medical Center at the Denver Sheriff's Department, failed to supervise their respective departments and employees.

Because Moore was proceeding *in forma pauperis* and pro se, the district court sua sponte screened Moore's Amended Complaint under 28 U.S.C. § 1915(e) and dismissed it under § 1915(e)(2)(B) on March 23, 2015, without any defendants having been served.[2] On April 9, Moore moved the district court to reconsider. On April 20, he filed a Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees (first IFP motion). The district court denied his motion for reconsideration and first IFP motion on May 5. Three months later, on August 5, Moore filed a second Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees (second IFP motion). We have jurisdiction to consider Moore's appeal from the district court's initial order of dismissal, but not from its subsequent order denying Moore's motion to reconsider.[3]

---

[2] Although the district court gave the standards for dismissing under both 28 U.S.C. § 1915(e)(2)(B)(i) for frivolous or malicious claims and § 1915(e)(2)(B)(ii) for failing to state a claim on which relief may be granted, it appears the district court dismissed under the latter subsection.

[3] We construe Moore's first and second IFP motions as notices of appeal. Both listed as appellate issues essentially the same claims Moore made in his Amended Complaint, clearly demonstrating his intent to appeal the district court's dismissal of his Amended Complaint and the denial of his motion to reconsider. *See Fleming v. Evans*, 481 F.3d 1249, 1253 (10th Cir. 2007) (stating that although Fed. R. App. P 3 requires a notice of appeal to "designate the judgment, order, or part thereof being appealed," we "liberally construe" the rule's requirements if the litigant's action "is the functional equivalent of what the rule requires"). Because Moore filed his first IFP motion within 30 days of the Order to Dismiss and after he filed a motion for reconsideration, it became effective when the district court denied his motion for reconsideration. *See* Fed. R. App. P. 4 (a)(4)(B)(i). Because Moore

4

**II.**

We review de novo the district court's dismissal of Moore's Amended Complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. *Kay v. Bemis,* 500 F.3d 1214, 1217 (10th Cir. 2007). After reviewing Moore's Amended Complaint, we conclude he has stated a claim of deliberate indifference against RN Zimmer and Dr. Stob. We will reverse in part as to the deliberate indifference claims against those two defendants, and affirm in part as to the remaining claims and parties.

Claims of denial of medical treatment by pretrial detainees are evaluated under the Due Process Clauses of the Fifth and Fourteenth Amendments, which prohibit the defendants from undertaking acts that amount to punishment. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "Under the Fourteenth Amendment due process clause, 'pretrial detainees are . . . entitled to the degree of protection against denial of medical attention which applies to convicted inmates' under the Eighth Amendment." *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009) (quoting *Garcia v. Salt Lake County,* 768 F.2d 303, 307 (10th Cir. 1985)). Thus, a pretrial detainee must show the defendants were deliberately indifferent to his serious medical needs, measured by an objective component—whether the "harm suffered rises to a level sufficiently serious to be cognizable under the Cruel and Unusual Punishment Clause of the Eighth

---

did not file the second IFP motion within 30 days after the district court denied his motion for reconsideration, we do not have jurisdiction to consider his appeal from that order. *See* Fed. R. App. P. 4(a)(4)(B)(ii); *Bowles v. Russell*, 551 U.S. 205, 214 (2007) (stating that "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement").

5

Amendment"—and a subjective component—"that the defendants knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Martinez*, 563 F.3d at 1088–89 (internal quotation marks omitted). The Supreme Court has cautioned that "an inadvertent failure to provide adequate medical care" does not rise to a constitutional violation. *Estelle v. Gamble,* 429 U.S. 97, 105–06 (1976).

To survive dismissal, Moore's Complaint must allege facts showing a sufficiently serious medical need. We have said that a "medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). "Delay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show the delay resulted in substantial harm." *Id.* at 1210. The substantial harm requirement "may be satisfied by lifelong handicap, permanent loss, or considerable pain." *Garrett v. Stratman,* 254 F.3d 946, 950 (10th Cir. 2001). We conclude that Moore has sufficiently *alleged* the objective component. When he requested a walker or cane, he complained of stability issues and "tremendous pain" to sit down, stand up, or walk around. Dr. Stob verified that Moore's treating physician had prescribed both a cane and walker. Further, the delay in treatment resulted in substantial harm: when Moore fell, he further injured his hip and complains again of "tremendous pain," difficulty sleeping, increased difficulty in caring for himself, and depression.

6

Under the subjective component, Moore "must show that the defendants knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Martinez*, 563 F.3d at 1089. Moore has sufficiently *alleged* that RN Zimmer and Dr. Stob knew of and disregarded Moore's substantial risk of harm. Moore alleges that when he spoke with RN Zimmer, he complained about his tremendous pain, explained he had stability issues and was disabled under the ADA, and needed a cane or a walker. In response, she said she did not have time to deal with him and sent him away. As alleged, she knew of Moore's difficulty walking and tremendous pain but did not do anything about it. As to Dr. Stob, he verified that Moore's treating physician prescribed a cane and walker yet did not obtain a cane or walker for Moore or call other medical departments to try to find one. Moore alleged that he did not receive a walker until the next day, three hours after he fell. In one sense, this is not very long of a delay, but "[e]ven a brief delay may be unconstitutional." *Mata v. Saiz*, 427 F.3d 745, 755 (10th Cir. 2005). The district court went astray when it made inferences against Moore. "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (internal quotation marks omitted). For example, the district court presumed that, because Moore was arrested without his cane or walker, "he was able to manage without such device at least temporarily." The district court also assumed that because neither RN Zimmer nor Dr. Stob provided Moore with a cane or walker, none were available in the jail. The district court's presumptions may bear out to

7

be factually true, but the district court erred when it made those inferences against Moore in evaluating whether his Amended Complaint stated a claim. We conclude that Moore has sufficiently alleged facts at this stage to state a claim of deliberate indifference against RN Zimmer and Dr. Stob.[4]

The district court correctly dismissed Moore's remaining deliberate indifference claims against the other defendants. For Moore's § 1983 claim to succeed against any defendant, he "must show personal involvement or participation in the incident." *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996). Although Moore alleges that Kassety and Diggins failed to supervise their employees and departments, he does not point to any personal involvement beyond the mere fact that they were supervisors. This is insufficient to state a claim based on supervisory liability. *See Poolaw v. Marcantel*, 565 F.3d 721, 732 (10th Cir. 2009) ("[A] supervisory relationship alone is insufficient for liability under § 1983[.]"); *Jenkins v. Wood,* 81 F.3d 988, 994–95 (10th Cir. 1996) ("[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation."). His claim against the Denver Sheriff's Department fails because it is not a suable entity under § 1983. *See Martinez v. Winner,* 771 F.2d 424, 444 (10th Cir. 1985) (dismissing § 1983 claims against the City of Denver Police Department because it was not a separate suable entity), *remanded to consider mootness,* 475 U.S. 1138 (1986), *on remand,* 800 F.2d 230 (10th

---

[4] We go no further than to say that, with regard to the deliberate indifference claims against RN Zimmer and Dr. Stob, the district court improperly dismissed Moore's Amended Complaint under 28 U.S.C. § 1915(e)(2)(B)(ii). Our determination does not prevent the two Defendants, after they are served, from filing other defensive motions for judgment in their favor.

8

Cir. 1986). Even if we were to interpret this claim as against the municipality, Moore failed to allege "official policy as the moving force of the constitutional violation." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Likewise, assuming that the Denver Health Medical Center is a state actor based on its contract with the Denver Sheriff's Department and that its actions are thus attributable to the Sheriff's department and municipality, Moore has failed to allege the private entity's practice or policy caused a constitutional violation.

### III.

The district court correctly dismissed Moore's ADA claims. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim under Title II, the plaintiff must allege that (1) he is a qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability. *See* 42 U.S.C. § 12132; *Robertson v. Las Animas Cty. Sheriff's Dep't*, 500 F.3d 1185, 1193 (10th Cir. 2007).

As the district court noted, Moore did not allege he was excluded from any service, program, or activity on the basis of his disability. Rather, his ADA claims appear to parrot his § 1983 claims regarding his medical treatment, but "purely medical decisions . . . do not ordinarily fall within the scope of the ADA or the Rehabilitation

9

Act." *Fitzgerald v. Corr. Corp. of Am..*, 403 F.3d 1134, 1144 (10th Cir. 2005); *see also Rashad v. Doughty*, 4 Fed. App'x 558, 560 (10th Cir. 2001) (holding that "the failure to provide medical treatment to a disabled prisoner, while perhaps raising Eighth Amendment concerns in certain circumstances, does not constitute an ADA violation").

**IV.**

Accordingly, we reverse the dismissal of Moore's § 1983 claims for deliberate indifference against RN Zimmer and Dr. Stob and affirm the dismissal of the remaining claims. Because we determine that Moore's appeal was taken in good faith, we grant his motion to proceed *in forma pauperis*. We remind Moore that he is obligated to continue making partial payments until the entire fee has been paid.

Entered for the Court

Bobby R. Baldock
Circuit Judge