FILED
United States Court of Appeals
Tenth Circuit

August 22, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KEITH CUNNINGHAM,

      Plaintiff - Appellant,

v.

CITY OF WAUKOMIS POLICE
DEPARTMENT,

      Defendant - Appellee.

No. 18-6064
(D.C. No. 5:17-CV-01294-R)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McKAY**, and **BALDOCK**, Circuit Judges.
_____

Keith Cunningham, a federal prisoner proceeding pro se,[1] sued the City of

Waukomis Police Department under 42 U.S.C. § 1983. The district court dismissed his

suit as barred by the statute of limitations. Cunningham now appeals, and moves to

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We construe a pro se appellant's complaint liberally. *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002). But this liberal treatment has limits. Though we can make allowances for "the [pro se] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements," we can't serve as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

proceed *in forma pauperis* (IFP). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

### A. Facts

We take the following facts from Cunningham's Second Amended Complaint.

On April 16, 2013, in Waukomis, Oklahoma, Cunningham, a then-70-year-old man, returned to his motel room at the Waukomis Country Inn. United States Marshals Service deputies, along with police officers from the City of Waukomis, arrived at his room and informed him he was under arrest on a warrant. Cunningham alleges that as the United States Marshals Service took him into custody, a City of Waukomis police officer tasered him "three times, [and] placed [him] in a prone position in the parking lot of the motel." R. at 62. Then, "with two officers kneeling on his back while handcuffing him," a Waukomis officer "kicked him twenty (20) times in the ribs." *Id.* A witness "observed officers 'smashing' [his] head into the large rocks in the parking lot." *Id.* Other officers, "seeing the witness watching from his motel window, pointed their weapons at [the witness] and directed [the witness] to close the curtains." *Id.* He contends that as a result of these beatings, he had seven "broken ribs, a broken shoulder, a concussion, contusions and abrasions to the face and head; as well as a collapsed lung." *Id.* at 23.

On January 24, 2014, Cunningham's sister filed a formal police-misconduct complaint with the City of Waukomis on Cunningham's behalf. The city never responded to her complaint. On April 11, 2014, his sister filed a "Notice of Tort Claim" against the City of Waukomis with the Oklahoma Municipal Assurance Group. *Id.* at 50. In her

2

"Notice of Tort Claim," she alleged that Cunningham had "suffered severe injuries from being repeatedly kicked by a Waukomis Police Officer after being neutralized by law enforcement personnel during the course of an arrest." *Id.* And she alleged that Cunningham had suffered seven "broken ribs, collapsed/punctured lung, concussion, nerve damage, seizure." *Id.* That same day, she sent a letter to the City of Waukomis notifying the city that she had filed the tort claim. She never received a response to her Notice of Tort Claim. On April 2, 2015, Cunningham's sister sent a letter to Oklahoma Municipal Assurance Group requesting a status update on her Notice of Tort Claim and threatening legal action. With the letter, she enclosed her January 24, 2014 police-misconduct claim, and her April 11, 2014, Notice of Tort Claim.[2]

## B. Procedural history

On December 1, 2017, Cunningham sued the City of Waukomis Police Department under 42 U.S.C. § 1983, alleging violations of the Fifth and Fourteenth Amendments of the United States Constitution. He alleged that the "Ci[t]y Police of Waukomis . . . assault[ed]" him and used excessive force. *Id.* at 12. On December 26, 2017, he filed his First Amended Complaint. Still proceeding under § 1983 against the City of Waukomis Police Department, his First Amended Complaint alleged violations of his Fourth and Fourteenth Amendment rights. Cunningham provided the district court his inmate-savings statements.

---

[2] The record doesn't disclose whether Cunningham's sister ever received a reply to her April 2, 2015 letter.

On January 3, 2018, a magistrate judge construed Cunningham's providing his inmate-savings statements as a motion to proceed IFP. Seeing that Cunningham had more than $500 in his institutional savings account, the magistrate judge determined that Cunningham had "sufficient funds to prepay the $400 filing fee." *Id.* at 27. Further, the magistrate noted that Cunningham's "deposits for the six months preceding the filing of his [First] Amended Complaint total[ed] $2104.56." *Id.* So the magistrate judge recommended denying Cunningham's IFP motion. On January 22, 2018, the district court adopted the magistrate's recommendation and denied Cunningham's IFP motion.

On January 24, 2018, the magistrate judge screened Cunningham's First Amended Complaint under 28 U.S.C. § 1915A(a) and recommended dismissing it for failure to state a claim. The magistrate judge concluded that the City of Waukomis Police Department couldn't be sued under § 1983. *See, e.g., Moore v. Diggins*, 633 F. App'x 672, 677 (10th Cir. 2015) (dismissing claims against Denver Sheriff's Department because § 1983 permits suit against persons and municipalities, not police departments).

Soon after, on February 9, 2018, Cunningham filed a motion to amend his First Amended Complaint. In his motion, he advised that he wished to add as additional defendants the City of Waukomis and, in their official capacities, the Chief of Police, the police shift commander, and "Defendants E, F, G, H, I, J, K, and all other officers involved in" his arrest on April 16, 2013. R. at 33.

On February 12, 2018, the district court granted Cunningham's motion to amend. On February 26, 2018, Cunningham filed his Second Amended Complaint. He again

alleged an excessive-force claim, contending that the City of Waukomis police officers had violated his Fourth, Fifth, and Eighth Amendment rights.

On March 5, 2018, the magistrate judge again recommended dismissing Cunningham's complaint. This time, the magistrate judge recommended dismissal under 28 U.S.C. § 1915A(b)(1)–(2) based on statute-of-limitations grounds. Specifically, the magistrate judge noted that Cunningham's claims had expired on April 16, 2015, two years after his claim for relief accrued. And the magistrate judge saw no disability or other special circumstance that would justify tolling the statute of limitations. Cunningham objected to the magistrate judge's recommendation, arguing that he had pursued his excessive-force claims through his sister, who filed both a police-misconduct complaint and a notice of tort claim with the City of Waukomis.

The district court, after considering the magistrate judge's recommendation and Cunningham's objection, dismissed Cunningham's complaint as time barred. Though Cunningham had pursued his excessive-force claim through other avenues, he hadn't timely filed a § 1983 claim, and finding no exception to the statute of limitations, the court determined that his claims were time-barred.

Cunningham now appeals.

## DISCUSSION

### A. Failure to state a claim

We review de novo the district court's dismissal of Cunningham's claims for failure to state a claim under 28 U.S.C. § 1915A. *Ames v. Oklahoma*, 158 F. App'x 114, 116 (10th Cir. 2005). Dismissal for failure to state a claim is proper where the

5

allegations in the complaint, taken as true, show that the statute of limitations bars the requested relief. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

Federal law determines when a claim accrues. *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999) (citing *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1154 (10th Cir. 1998)). Injuries based on violations of constitutional rights accrue "when the plaintiff knows or should know that" his rights have been violated. *Id.* (quoting *Smith*, 149 F.3d at 1154). Cunningham alleges that the City of Waukomis police beat him and violated his rights on April 16, 2013. On that day, Cunningham knew or should have known the police officers had violated his rights.

But state law determines the appropriate limitations period and tolling provisions. *Id.* (citing *Owens v. Okure*, 488 U.S. 235, 249–50 (1989), and *Arnold v. Duchesne County*, 26 F.3d 982, 985 (10th Cir. 1994)); *see Braxton v. Zavaras*, 614 F.3d 1156, 1159 (10th Cir. 2010) (citing *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995)). Oklahoma has a two-year statute of limitations for personal-injury claims, which also applies to § 1983 claims. Okla. Stat. Ann. tit. 12, § 95(A)(3). So, barring any tolling provisions, Cunningham's claims expired on April 16, 2015.

Cunningham alleges he is entitled to equitable tolling because on January 24, 2014, his sister filed a formal police misconduct complaint with the City of Waukomis, and on April 11, 2014, his sister filed a Notice of Tort Claim with the Oklahoma Municipal Assurance Group. Under the Oklahoma Governmental Tort Claims Act, the City of Waukomis had 90 days to respond to his sister's April 11,

6

2014 complaint, or it would be deemed denied by default. Okla. Stat. Ann. tit. 51, § 157(A); *see Mansell v. City of Lawton*, 901 P.2d 826, 831 (Okla. 1995) (noting that after 90 days, failure of the city to respond to a tort claim constitutes denial by default), *superseded by statute on other grounds*, Okla. Stat. Ann. tit. 51, § 156(D), *as recognized in Minie v. Hudson*, 934 P.2d 1082, 1085 & n.12 (Okla. 1997). The city never responded to the complaint. So, beginning July 11, 2014, Cunningham had 180 days to commence the lawsuit before us. Okla. Stat. Ann. tit. 51, § 157(B). That 180-day period expired on January 11, 2015. He filed his complaint on December 1, 2017. So even if his sister's filing the Notice of Tort Claim with the Oklahoma Municipal Assurance Group tolled the statute of limitations for the § 1983 claims he seeks to pursue now, he is still too late.

And Cunningham hasn't shown that he suffered a "legal disability" at the time his claims for relief accrued or that "exceptional circumstances" justify tolling the limitations period here. *Young v. Davis*, 554 F.3d 1254, 1258 (10th Cir. 2009) (citing and quoting *Alexander v. Oklahoma*, 382 F.3d 1206, 1217, 1219 (10th Cir. 2004)). So we agree with the district court that the statute of limitations has run on Cunningham's claims.

## B. IFP Motion

Cunningham's financial disclosures show that he receives an $800 per month pension. When he filed this appeal, his current account balance exceeded the $505 filing fee to proceed with this appeal. We find that he has the financial ability to prepay the filing fee. *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812–13 (10th

7

Cir. 1997) (quoting *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991)). So we deny his IFP motion and order the immediate payment of the unpaid balance due.

## CONCLUSION

We affirm the district court.

Entered for the Court

Gregory A. Phillips
Circuit Judge