FILED
United States Court of Appeals
Tenth Circuit

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

June 2, 2022

Christopher M. Wolpert
Clerk of Court

_____

NATHAN D. BLACK,

    Plaintiff - Appellant,

v.

ZULIFIKAR WAFAI,

    Defendants - Appellee.

No. 22-1037
(D.C. No. 1:21-CV-02722-LTB-GPG)
(D. Colo.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **MORITZ**, **BRISCOE**, and **CARSON** Circuit Judges.
_____

Plaintiff Nathan Black, appearing pro se, appeals the district court's dismissal of his amended complaint. The district court dismissed Black's claims under 42 U.S.C. § 1983 as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and it declined to exercise supplemental jurisdiction over any state law claims. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm. We also deny Black's motion for leave to proceed on appeal in forma pauperis.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

Defendant Zulfikar Wafai was the court-appointed public defender assigned to represent Black in a Colorado state criminal proceeding.  Ultimately, Black appeared pro se at trial and was convicted.  On October 8, 2021, Black filed a pro se prisoner complaint against Wafai in the United States District Court for the District of Colorado.  He filed an amended complaint on November 15, 2021.  He asserts a claim of "Misrepresentation," essentially claiming Wafai violated his constitutional rights by being an ineffective advocate, and he stated that the district court had jurisdiction because 42 U.S.C. § 1983 formed the basis of his legal claim.  He sought damages of $2,500,000 and an order suspending Wafai from the practice of law for 30 days.

On October 12, 2021, Black's motion for leave to proceed in forma pauperis was granted.  On December 13, 2021, a magistrate judge issued a recommendation that the case be dismissed with prejudice as frivolous, to which Black objected.  On January 10, 2022, the district court adopted the recommendation and issued a judgment dismissing the case with prejudice.  The district court declined to exercise supplemental jurisdiction over any remaining state claims, denied leave to proceed in forma pauperis on appeal, and certified that an appeal would not be taken in good faith.  Black timely appealed.  He then moved to proceed in forma pauperis on appeal.

II

Where, as here, a plaintiff was allowed by the district court to proceed in forma pauperis, his complaint is governed by the requirements of 28 U.S.C. § 1915. Section 1915(e)(2)(B) requires a district court to "dismiss the case at any time if the court determines," in pertinent part, "that . . . the action . . . is frivolous."  28 U.S.C. § 1915(e)(2)(B)(i).  Generally speaking, we review for an abuse of discretion a district court's order dismissing claims as frivolous under § 1915(e)(2)(B)(i).  *See Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006).  That said, if the district court based its frivolousness determination on a legal issue, we review that underlying legal issue de novo.  *Id.*

Because Black appears pro se, we construe his filings liberally, but we do not serve as his advocate.  *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

III

The district court dismissed Black's § 1983 claims on two grounds.  Primarily, it recognized that Wafai was not "acting under color of state law" when representing Black and therefore not subject to suit under § 1983.  42 U.S.C. § 1983.  As an alternative ground for dismissing his claim for damages, the district court noted the claim was barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).  We agree on both grounds.

A plaintiff may only bring claims under § 1983 against persons acting under the color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 315 (1981).[1] "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Id.* at 325. Black's complaint does not support a contention that Wafai was acting in any role other than that of a defense attorney acting on behalf of his client. On appeal, Black asserts that Wafai was acting under color of state law as a licensed member of the Colorado state bar. We disagree. To hold otherwise would mean any licensed attorney performing a lawyer's traditional functions in representing his or her client in any action would be acting under color of state law. Moreover, it is fundamentally inconsistent with the Supreme Court's clear statement that public defenders acting as attorneys on behalf of their clients are not state actors because all public defenders are necessarily licensed attorneys.

Black's claim for damages is further barred by the rule of *Heck*. Under *Heck*, a defendant cannot receive damages relating to an unlawful criminal conviction until after "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas

---

[1] A person acts "under color of state law" when "exercising power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law," but there must also be "'a real nexus' between the employee's use or misuse of their authority as a public employee, and the violation allegedly committed by the defendant." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1156 (10th Cir. 2016) (internal quotations omitted).

4

corpus." *Heck*, 512 U.S. 477, 486–87. Black's complaint does not assert that any of those events have occurred, and he does not challenge the district court's conclusion on this point.

We also conclude that the district court did not abuse its discretion in refusing to exercise supplemental jurisdiction over Black's state law claims. *See Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (outlining standard of review). "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998). It is uncertain whether Black raised any state law claims at all, but construing the complaint liberally, there is at least a possibility that he seeks relief under Colorado state law because he references Wafai's Colorado license to practice law. If he did raise state claims, the district court properly declined to exercise supplemental jurisdiction over them.

We AFFIRM the district court's dismissal of this action as frivolous, and we also DISMISS this appeal as frivolous. Black's motion for leave to proceed on appeal in forma pauperis is DENIED, and as a result, Black is obligated to pay the filing fee in full. Dismissal of this appeal as frivolous also counts against Black as a strike. *See Jennings v. Natrona Cnty. Det. Ctr.*, 175 F.3d 775, 780–81 (10th Cir. 1999) (overruled in part by

5

*Coleman v. Tollefson*, 135 S. Ct. 1759 (2015)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (defining frivolous claim).

Entered for the Court

Mary Beck Briscoe
Circuit Judge